# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2492 | **DATE** | 7/5/2011 |
| **CASE TITLE** | Jeremy Walker (2010-1221063) vs. Cook County Department of Corrections | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 5), is granted. The plaintiff is assessed an initial partial filing fee of $8.73. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The Clerk is instructed to enter a Rule 58 Judgment in favor of the defendants against plaintiff. Plaintiff shall take nothing. Plaintiff's motion for appointment of counsel, (Dkt. No. 3), and any other pending motions are denied as moot. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Civil Case Terminated.

■[ For further details see text below.]

Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

  Pro se plaintiff Jeremy Walker is a detainee at the Cook County Jail. He has brought suit pursuant to 42 U.S.C. § 1983 alleging that he was stabbed by another inmate. He has sued the Cook County Department of Corrections, Sheriff Tom Dart, the Cook County Jail's former director Salvador Godinez, and Sergeant Monroe seeking monetary damages for his injury. He does not allege that the defendant had any personal knowledge or other involvement with the stabbing. He simply states that he was stabbed and seeks monetary relief from these defendants. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 5), complaint (Dkt. No. 1), for initial review pursuant to 28 U.S.C. § 1915A, and motion for appointment of counsel. (Dkt. No. 3).

  Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 5), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.73. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago,

Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the Jail to another correctional facility.

Turning to an initial review of the complaint under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought *in forma pauperis* at any time if the Court determines that the suit is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The present suit must be dismissed because it fails to state a claim on which relief may be granted.

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Bridges v. Gilbert*, 557 F.3d 541, 545 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam)). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates," and "this duty requires prison officials to protect prisoners from violence at the hands of other prisoners." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)) (internal quotation marks omitted). However, the Constitution is not violated simply because one inmate was attacked by another. *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). A correctional official can be held liable for an inmate attack on another inmate when the official "knew the inmate faced a 'substantial risk of harm' and 'disregarded that risk by failing to take reasonable measures to abate it.'" *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 847; *Borello v. Allison*, 446 F.3d 742, 747 (7th Cir. 2006)). Defendants are only liable when they "'effectively condone[d] the attack by allowing it to happen.'" *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (quoting *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997)). To state a claim, plaintiff must "show 'that the defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" *Santiago*, 599 F.3d at 756 (quoting *Lewis*, 107 F.3d at 553).

Plaintiff has failed to meet this standard because he does not allege any type of involvement or knowledge by the defendants. He simply states that he was attacked by the other inmate and seeks compensation. This is insufficient to state a claim. *See Santiago*, 599 F.3d at 756 (affirming dismissal of failure to protect claim when plaintiff failed to allege that the correctional officers had any knowledge of the impending attack).

Plaintiff's complaint is also defective for two additional reasons. First, the Cook County Department of Corrections is not a suable entity. *Bustamante v. Cook County Dep't of Corr.*, No. 11 C 1595, 2011 WL 1344270, at *2 (N.D. Ill. Apr. 7, 2011) (citing *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993)). Second, defendants can only be sued if they were personally involved in an alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (citing *Zimmerman*

| STATEMENT |
|---|

*v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 811 (7th Cir. 2000); *Davis v. Zirkelbach*, 149 F.3d 614, 619 (7th Cir. 1998)). Plaintiff has named a number of supervisory officials who would have no personal involvement in his treatment at the Jail.

In summary, the plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 5), is granted. The plaintiff is assessed an initial partial filing fee of $8.73. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court as stated herein. The clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The Clerk is instructed to enter a Rule 58 Judgment in favor of the defendants against plaintiff. Plaintiff shall take nothing. Plaintiff's motion for appointment of counsel, (Dkt. No. 3), and any other pending motions are denied as moot. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Civil Case Terminated.

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."